UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Laszlo R. Lukacs, Jr.         Case No.: 15-58139
                    Chapter 13
  Debtor.          Hon. Walter Shapero
_____/

**OPINION OVERRULING OBJECTION TO VOLUNTARY
DISMISSAL OF BANKRUPTCY CASE**

**I. INTRODUCTION**

Debtor filed for chapter 13 relief on December 15, 2015. On March 2, 2016, the Estate of Maria Bartha, Deceased, ("Bartha'), filed a motion, pursuant to § 1307(c), to convert the case to chapter 7, asserting as its primary basis that Debtor's schedules were false and misleading. On March 16, 2016, Debtor responded to the motion and amended his schedules.

On March 28, 2016, FirstMerit Bank filed a motion to convert the case to chapter 7, asserting that Debtor was indebted to it in the amount of $422,329.45 and therefore was ineligible to be a debtor under chapter 13. Debtor objected to that motion.

On July 6, 2016, Debtor filed a motion to convert from chapter 13 to chapter 11.

The Court conducted a preliminary hearing on the three conversion motions on July 7, 2016, following which the Court scheduled an evidentiary hearing for July 29, 2016.

On July 18, 2016, while the conversion motions were pending, Debtor filed a voluntary dismissal of his chapter 13 case. Bartha objected, arguing that conversion to chapter 7 and the appointment of a chapter 7 trustee is in the best interest of creditors and the estate. FirstMerit did

not object. The Court scheduled a hearing on the dismissal motion and adjourned the hearing on the conversion motions. Following the hearing, the Court took the matter under advisement.

II. **Positions of the Parties:**

Debtor contends that he has an absolute right to dismiss his chapter 13 case pursuant to § 1307(b), regardless of the pending motions to convert.

Bartha argues that notwithstanding the language of § 1307(b), the right to dismiss is not absolute but is subject to a limited exception for bad faith conduct or abuse of the bankruptcy process. Bartha contends that Debtor has demonstrated continuing abuse of the bankruptcy process by, amongst other things, filing false schedules and failing to answer questions and produce documents at his 2004 examination. Bartha asserts that under the circumstances, the case should be converted to chapter 7.

III. **DISCUSSION**

Section 1307(b) states, "On request of the debtor at any time, if the case has not been converted under section 706, 1112, or 1208 of this title, the court shall dismiss a case under this chapter." Section 1307(c) states, "Except as provided in subsection (f) of this section, on request of a party in interest or the United States trustee, and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause . . ."

Courts are divided on the issue of whether § 1307(b) gives the debtor an absolute right to dismiss, notwithstanding allegations of bad faith or abuse of the bankruptcy process. Much of the

debate on this issue focuses on the implications of the Supreme Court's decision in *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365 (2007). There, the Supreme Court held that, under section 706(a), a debtor does not have an absolute right to convert from chapter 7 to chapter 13. Rather, the right to convert is limited by section 706(d) of the Bankruptcy Code which states that "[n]otwithstanding any other provision of this section, a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter." In so holding, the Court held that a debtor forfeits his right to proceed under chapter 13 where he has acted in bad faith. *Id.* at 373.

Although *Marrama* addressed conversion under § 706(a), two circuit courts have extended *Marrama* to voluntary dismissals under § 1307(b). *See Jacobsen v. Moser* (*In re Jacobsen*), 609 F.3d 647, 660 (5th Cir .2010) and *Rosson v. Fitzgerald* (*In re Rosson*), 545 F.3d 764, 774-75 (9th Cir. 2008). Both courts found that "*Marrama's* 'rejection of the absolute right theory as to § 706(a) applies equally to § 1307(b)' because 'there is no analytical distinction' between the two statutes." *In re Jacobsen*, 609 F.3d at 660 (quoting *In re Rosson*, 545 F.3d at 773). A number of lower courts have followed suit. *See In re Cyncynatus*, No. 12-10111, 2013 WL 3864310 (Bankr. N.D. Ohio July 24, 2013) (no absolute right to dismiss); *In re Caola*, 422 B.R. 13, 20 (Bankr. D.N.J. 2010) (same); *In re Armstrong*, 408 B.R. 559, 569 (Bankr. E.D.N.Y. 2009) (same); *In re Norsworthy*, No. 05-15098, 2009 WL 6499238, at *1 (Bankr. N.D. Ga. May 27, 2009) (same); *In re Chabot*, 411 B.R. 685, 700 (Bankr. D. Mont. 2009) (same); *In re Letterese*, 397 B.R. 507, 512 (Bankr. S.D. Fla. 2008) (same).

Other courts, however, have found that § 1307(b) provides an absolute right to dismiss. *See Ross v. AmeriChoice Fed. Credit Union,* 530 B.R. 277, 287 (E.D. Pa. 2015) ("The Court agrees with

the line of cases recognizing an absolute right to dismiss under § 1307(b), *Marrama* notwithstanding."); *Procel v. U.S. Trustee* (*In re Procel*), 467 B.R. 297 (S.D.N.Y. 2012) (Debtors have an absolute right to dismiss an unconverted Chapter 13 case.); *In re Thompson*, No. 10-23017, 2015 WL 394361 (Bankr. E.D. Ky. January 29, 2015) (The language of the statute is unambiguous and grants the debtor an absolute right to dismiss.); *In re Mills*, 539 B.R. 879, 886 (Bankr. D. Kan. 2015) ("Section 1307(b) grants a chapter 13 debtor the absolute right to voluntarily dismiss his case at any time"); *In re Williams*, 435 B.R. 552, 555 (Bankr. N.D. Ill. 2010) (same); *In re Hamlin*, No. 09-05272-8, 2010 WL 749809, at *4 (Bankr. E.D.N.C. Mar. 1, 2010) (finding that right to dismiss is absolute); *In re Sickel*, No. 08-00309, 2008 WL 5076981, at *1 (Bankr. D.D.C. Sept. 26, 2008) (same); *In re Polly*, 392 B.R. 236, 248 (Bankr. N.D. Tex. 2008) (same); *In re Campbell*, No. 07-457, 2007 WL 4553596, at *1 (Bankr. N.D. W. Va. Dec. 18, 2007) (same); *In re Hughes*, No. 04-40725, 2007 WL 7025843, at *3 (Bankr. S.D. Ga. Nov. 30, 2007) (same); *In re Davis*, No. 06-1005, 2007 WL 1468681, at *2 (Bankr. M.D. Fla. May 16, 2007) (same).

The Sixth Circuit has not taken a position on this issue. However, the Circuit's decision in *Copper v. Copper* (*In re Copper*), 426 F.3d 810 (6th Cir. 2005), suggests that the use of the term "shall" in § 1307(b) distinguishes it from § 706(a), stating:

> [I]t is also relevant that § 706(a) uses the word "may" meaning "might" or "used to express possibility" or "used to express opportunity or permission." Random House Unabridged Dictionary 1189 (2d ed.1993). If Congress had intended to leave the bankruptcy courts with absolutely no discretion in the matter, it would have used the more mandatory phrase of "shall be able to convert." See 11 U.S.C. § 1307(b) ("On request of the debtor at any time . . . the court shall dismiss a case under this chapter.").Therefore, we find that the plain language of § 706(a) does not grant an absolute right to convert.

*Copper*, 426 at 816.

-4-

In finding an absolute right to dismiss, the court in *Barbieri v. RAJ Acquisition, Corp.* (*In re Barbieri*), 199 F.3d 616 (2nd Cir. 1999), focused on the mandatory language of § 1307(b) as compared to the permissive language in § 1307(c), stating:

> The mandatory nature of § 1307(b) becomes even clearer when the language of that provision is compared with the permissive language of § 1307(c). As the Supreme Court has observed, "[i]t is generally presumed that Congress acts intentionally and purposely when it includes particular language in one section of a statute but omits it in another." *BFP v. Resolution Trust Corp.*, 511 U.S. 531, 537 (1994) (internal quotation marks omitted). "[W]hen the same [provision] uses both "may" and "shall,"the normal inference is that each is used in its usual sense - the one act being permissive, the other mandatory." *Anderson v. Yungkau*, 329 U.S. 482, 485 (1947). For these reasons, we conclude that § 1307(b) gives a debtor an absolute right to dismiss a Chapter 13 petition, subject only to the limitation set forth in that section - namely, that the case must not have "been converted under section 706, 1112, or 1208 of this title."

*Id*. at 619.

This Court is inclined to agree with those cases finding an absolute right to dismiss. The Court's analysis begins with the language of § 1307(b) itself. "The starting point in interpreting a statute is its language[.]" *Good Samaritan Hosp. v. Shalala*, 508 U.S. 402, 409 (1993). The preeminent canon of statutory interpretation requires us to "presume that [the] legislature says in a statute what it means and means in a statute what it says[.]" *Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 253-254 (1992). "Our interpretation of legislative acts is limited, for '[i]f the statutory language is unambiguous, in the absence of a clearly expressed legislative intent to the contrary, that language must ordinarily be regarded as conclusive.'" *Nixon v. Kent County*, 76 F.3d 1381, 1386 (6th Cir. 1996) (quoting *Reves v. Ernst & Young*, 507 U.S. 170, 177 (1993)). When a statute is unambiguous, resort to legislative history and policy considerations is improper. *See Forbes v. Lucas* (*In re Lucas*), 924 F.2d 597, 600 (6th Cir. 1991). "Departure from the language of the legislature and

resort to judicially created rules of statutory construction is appropriate only in the 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters . . . or when the statutory language is ambiguous.'" *Nixon*, 76 F.3d at 1386 (quoting *Kelley v. E.I. DuPont de Nemours & Co.*, 17 F.3d 836, 842 (6th Cir.1994)).

Section 1307(b) is unambiguous. It states that if the debtor requests dismissal, the court "shall dismiss [the] case." The term "shall" "creates an obligation impervious to judicial discretion." *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35 (1998); *see also In re Anheuser-Busch Beer Labeling Mktg and Sales Practices Litig.*, 644 Fed. Appx. 515, 520 (6th Cir. 2016) (The term "shall" is ordinarily regarded as inconsistent with judicially created exceptions.).

Accordingly, the Court concludes that, pursuant to § 1307(b), a chapter 13 debtor has the right to voluntarily dismiss his unconverted case at any time. "Chapter 13 is a voluntary remedy only; in the absence of specific statutory direction, a debtor should be able to exit without risking being subjected to involuntary liquidation without the due process protections afforded involuntary debtors by § 303. If a debtor commits sanctionable wrongdoing in the course of the case, the court has many means of addressing that other than forced liquidation premised on a shaky legal foundation." *Mills*, 539 B.R. at 887. *See also Campbell*, 2007 WL 4553596, at *4 ("[S]ufficient safeguards against abuse are already present without the need to evade the plain language of § 1307(b). Possible remedies include Rule 11 sanctions, allowing parties to pursue state law remedies, filing an involuntary petition under § 303, [or] referring conduct to the United States Attorney's Office for possible criminal prosecution[.]").

An appropriate order is being entered contemporaneously.

**Signed on September 15, 2016**

/s/ Walter Shapero
                                    **Walter Shapero**
                                    **United States Bankruptcy Judge**